UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MISTY D. KITCHEN,

    Plaintiff,

v.

LVNV FUNDING, LLC and TRUE ACCORD CORP.,

    Defendants.
_____/

CASE NO.: 8:22-cv-00470

**JURY TRIAL DEMANDED**

## COMPLAINT

NOW comes MISTY D. KITCHEN ("Plaintiff"), by and through the undersigned attorney, complaining as to the conduct of LVNV FUNDING, LLC ("LVNV") and TRUE ACCORD CORP ("TrueAccord"), (collectively, "Defendants"), as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, and the Florida Consumer Collection Practices Act ("FCCPA") pursuant to Florida Statue §559.55, for Defendants' unlawful conduct.t.

### JURISDICTION AND VENUE

1

2. This action arises under and is brought pursuant to the FDCPA Subject matter jurisdiction is conferred upon this Court by 15 U.S.C §1692, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States. Supplemental jurisdiction exists for the state law claim pursuant to 28 U.S.C. §1367.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendants conduct business in the Middle District of Florida and a substantial portion the events or omissions giving rise to the claims occurred within the Middle District of Florida.

4. Joinder of Plaintiff's claims against Defendants are proper under Fed. R. Civ. P. 20(a) (2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

## PARTIES

5. Plaintiff is a consumer and a natural person over-the-age of 18 residing within the Middle District of Florida.

6. TrueAccord is an online debt collector that utilizes "a data driven debt collection platform powered by machine learning, digital first communications, and delivering great user experiences."[1] TrueAccord is a corporation organized under the laws of the state of Delaware and its principal place of business is located at 303 Second Street, Suite 750 South, San Francisco, California. TrueAccord utilizes e-

---

[1] https://www.trueaccord.com/

mail and other electronic media to collect upon debts owed by consumers throughout the United States, including those in the state of Florida.

7. LVNV is a company that "purchases portfolios of . . . consumer debt owned by credit grantors including banks and finance companies, and by other debt buyers."[2] LVNV is a limited liability company organized under the laws of the state of Delaware and its principal place of business is located at 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada.

8. LVNV is TrueAccord's principal. Consequently, LVNV is liable for TrueAccord's actions as it exercises control over TrueAccord's conduct. *See Clark v. Capital Credit & Collection Servs., Inc.*, 460 F.3d 1162, 1173 (9th Cir. 2006) ("[T]o be liable for the actions of another, the principal must exercise control over the conduct or activities of the agent.").

9. Defendants acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, third-party contractors, representatives and insurers at all times relevant to the instant action.

10. Joinder of Plaintiff's claims against Defendants is proper under Fed. R. Civ. P. 20(a)(2) as the claims arise out of the same transaction, occurrence, or series of transactions or occurrences and common questions of law or fact will arise.

### FACTS SUPPORTING CAUSES OF ACTION

---

[2] http://www.lvnvfunding.com/

11. The instant action stems from Defendants' attempts to collect upon a personal credit card debt ("subject debt") that Plaintiff purportedly owed to Capital One Bank.

12. The subject debt was allegedly incurred for the purchase of personal household goods and/or services.

13. Upon information and belief, LVNV purchased the subject after it was supposedly in default.

14. Subsequently, LVNV placed the subject debt with TrueAccord for debt collection.

15. Around December 2021, TrueAccord, on behalf of LVN, began its collection campaign by sending collections emails.

16. However, True Accord sent its collection e-mails to Alice Vandyke's email address instead of Plaintiff's email address.

17. Alice Vandyke is Plaintiff's mother and Plaintiff was confused as to how Defendants obtained Alice Vandyke's e-mail address as she did not provide it to Defendants or Capital One Bank.

18. Moreover, Plaintiff and Alice Vandyke's email addresses are substantially different from each other.

19. The collections e-mails TrueAccord sent to Alice Vandyke's email address disclosed to her that Plaintiff allegedly owes the subject debt.

...
...
...

20. True Accord's collection e-mails also outlined an outstanding balance of $266.68 for the subject debt.

21. The subject lines on True Accord's collection e-mails do not indicate that Plaintiff was the intended recipient.

22. Plaintiff was embarrassed and needlessly harassed by Defendants' improper third-party disclosures.

23. Frustrated over Defendants' conduct, Plaintiff has incurred costs and expenses consulting her attorneys.

24. Plaintiff has suffered concrete harm due to Defendants' conduct, including but not limited to, aggravation, invasion of privacy, and emotional distress

### COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

25. Plaintiff repeats and realleges paragraphs 1 through 24 as though full set forth herein.

26. Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a (3) of the FDCPA.

27. Defendants are "debt collector[s]" as defined by §1692a(6) of the FDCPA, because they regularly use the mail and/or the telephone to collect, or attempt to collect, delinquent consumer accounts. Defendants are engaged in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others, and debt collection is a primary purpose of their business Defendants identify themselves as a debt collection, and are engaged

in the business of collecting or attempting to collect, directly or indirectly, defaulted debts owed or due or asserted to be owed or due to others.

28. The subject debt is a "debt" as defined by FDCPA §1692a (5) as it arises out of a transaction due or asserted to be owed or due to another for personal, family, or household purposes.

    a. **Violations of FDCPA §1692b**

29. The FDCPA, pursuant to 15 U.S.C. §1692b(2), prohibits "[a]ny debt collector communicating with any person other than the consumer for the purpose of acquiring location information about the consumer shall not state that such consumer owes any debt.

30. Defendants violated 15 U.S.C. §1692b (2) when it emailed Plaintiff's mother and in its email disclosed to her that Plaintiff purportedly owes the subject debt.

31. Additionally, under §1692b (3), a debt collector is prohibited from "communicating with any person other than the consumer for the purpose of acquiring location information about the consumer [and] shall not communicate with any such person more than once unless requested to do so by such person or unless the debt collector reasonably believes that the earlier responses of such erroneous or incomplete and that such person now has correct or complete location information."

32. Defendants violated 15 U.S.C. §1692b (3) when Defendants contacted Plaintiff's mother despite the fact that Plaintiff's mother had no relationship to the

6

underlying subject debt. Defendants employed this tactic in order to exert outward pressure on Plaintiff to make a payment on the subject debt.

### b. Violations of the FDCPA, § 1692d

33. The FDCPA, pursuant to 15 U.S.C. §1692d, prohibits a debt collector from engaging "in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

34. Defendants violated 15 U.S.C. §1692d when they contacted Plaintiff's father and disclosed to him that Plaintiff purportedly owes the subject debt. Under the FDCPA, debt collectors are strictly prohibited from disclosing to third parties that a consumer owes a debt. Defendants were endeavoring to harass and abuse Plaintiff by disclosing that he purportedly owes the subject debt to a close relative in an attempt to coerce payment from Plaintiff.

### c. Violations of FDCPA § 1692e

35. The FDCPA, pursuant to 15 U.S.C. §1692e, prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt."

36. In addition, this section enumerates specific violations, such as:

> "The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. §1692e (10).

37. Defendants violated §1692e, e (2) (a), and e (10) when it used deceptive means to collect and/or attempt to collect the subject debt. Specifically, it was deceptive for Defendants to implicitly represent that it could contact Plaintiff's mother and disclose to her that Plaintiff allegedly owes the subject consumer debt when the FDCPA specifically prohibits this conduct.

### d. Violations of FDCPA § 1692f

38. The FDCPA, pursuant to 15 U.S.C. §1692f, prohibits a debt collector from using "unfair or unconscionable means to collect or attempt to collect any debt."

39. Defendants violated §1692f when Defendants unfairly and unconscionably attempted to collect upon the subject consumer debt by contacting Plaintiff's mother and disclosing to her that Plaintiff allegedly owes the subject debt. Any reasonable fact finder will conclude Defendants' action were unfair and unconscionable as they were designed to instill an undue sense of urgency within Plaintiff.

WHEREFORE, Plaintiff, MISTY D. KITCHEN, respectfully requests that this Honorable Court enter judgment in her favor as follows:

a. Declaring that the practices complained of herein are unlawful and violate the aforementioned bodies of law;

b. Awarding Plaintiff statutory damages of $1,000.00 as provided under 15 U.S.C. §1692k(a)(2)(A);

c. Awarding Plaintiff actual damages, in an amount to be determined at trial, as provided under 15 U.S.C. §1692k(a)(1);

   d. Awarding Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k(a)(3);

   e. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

   f. Awarding any other relief as this Honorable Court deems just and appropriate.

**COUNT II – VIOLATIONS OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT**

40. Plaintiff restates and realleges paragraphs 1 through 39 as though fully set forth herein.

41. Plaintiff is a "consumer[s]" as defined by Florida Statutes §559.55(8).

42. Defendants are a "debt collector[s]" as defined by Florida Statutes §559.55(7).

43. The subject debt is a "consumer debt" as defined under Florida Statute § 559.55(6).

   **a. Violations of FCCPA § 559.72(7)**

44. A person violates section 559.72(7) of the FCCPA when it willfully communicates with the debtor or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor or any member of her or his family.

9

45. Defendants violated section 559.72(7) of the FCCPA through the emails it sent to Plaintiff's mother, which contained confidential information relating to the subject debt. Plaintiff's mother was not financially liable for the subject debt. Yet, Defendants sent her emails hoping that Plaintiff would feel abused and harassed and would subsequently agree to make payment to avoid the further humiliation.

WHEREFORE, Plaintiff, MISTY D. KITCHEN, respectfully requests that this Honorable Court enter judgment in their favor as follows:

a. Enter judgment in Plaintiff's favor and against Defendant;

b. Award Plaintiff actual damages in an amount to be determined at trial pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

c. Award Plaintiff statutory damages of $1,000.00 each pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

d. Award Plaintiff equitable relief, including enjoining Defendant from further violations, pursuant to Florida Consumer Collection Practices Act, Fla. Stat. §559.77(2);

e. Award Plaintiff costs and reasonable attorneys' fees pursuant to the Florida Consumer Collection Practices Act, Fla. Stat. §559.77;

f. Enjoining Defendants from further contacting Plaintiff seeking payment of the subject debt; and

g. Award any other relief this Honorable Court deems equitable and just.

Dated: February 28, 2021                    Respectfully Submitted,

/s/Alejandro E. Figueroa
Alejandro E. Figueroa, Esq.
Florida Bar No. 1021163

*Counsel for Plaintiff*
Sulaiman Law Group, Ltd
2500 S Highland Ave, Suite 200
Lombard, IL 60148
Telephone: (630) 575-8181 Ext. 120
alejandrof@sulaimanlaw.com